IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01655-PAB-NRN

STEVEN MEYERS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1) [Docket No. 10], filed by the United States. Plaintiff did not respond.

## I. BACKGROUND

On December 18, 2023, plaintiff Steven Meyers filed his complaint in the District Court for Boulder County, Colorado. Docket No. 2 at 1; Docket No. 1 at 1. In the complaint, Mr. Meyers alleges that, in February 2023, Albert Hong, a dentist at Salud Dental,[1] pulled all but two of Mr. Meyers's teeth in preparation for new dentures. Docket No. 2 at 2, ¶ 3. Mr. Meyers alleges that Dr. Hong told Mr. Meyers that Medicaid would cover his new dentures. *Id.*, ¶ 4. However, Mr. Meyers claims that, after his teeth were pulled, he learned that Medicaid would not cover the cost of the replacement dentures.

---

[1] In the motion to dismiss, the government claims that defendant's true name is Plan de Salud Del Valle, Inc. Docket No. 10 at 2.

*Id.* Mr. Meyers brings malpractice and negligence claims[2] against Dr. Hong and Salud Dental. *Id.* at 3–4.

On June 13, 2024, defendants removed the case to federal court. Docket No. 1. On June 14, 2024, the United States filed a notice that the government had been substituted as the defendant. Docket No. 6. In the notice, the acting United States Attorney for the District of Colorado certified that Dr. Hong and Salud Dental "were acting within the scope of their respective employment with respect to all acts or omissions that are the subject of this case" and that, under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. §§ 233(g)–(n), Mr. Meyers's exclusive remedy is against the government. *Id.* at 2. On June 18, 2024, the government filed the motion to dismiss, arguing that the Court lacks jurisdiction because Mr. Meyers failed to exhaust his administrative remedies. Docket No. 10 at 1–2.

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cnty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting

---

[2] Mr. Meyers also brings a claim for "Emotional Distress," which the Court construes as a negligence claim. *See* Docket No. 2 at 4, ¶¶ 11–12.

evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). "In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotations and citation omitted).

Mr. Meyers is not represented by counsel, and the Court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

The government argues that Mr. Meyers's claims should be dismissed without prejudice because he has failed to exhaust his administrative remedies. Docket No. 10 at 2.

Although Dr. Hong is not a federal employee, Mr. Meyers's claims are subject to the Federal Tort Claims Act ("FTCA") pursuant to FSHCAA. *See Machart v. Clinica Sierra Vista*, 2010 WL 2843416, at *2 (E.D. Cal. July 19, 2010) ("Claims of medical malpractice against federally funded health care facilities and their employees acting in the scope of their employment must be initiated under the Federal Tort Claims Act."); *see also McDaniel v. United States*, No. 20-cv-02101-RBJ, 2021 WL 1140259, at *2 (D. Colo. Mar. 25, 2021). Under the FSHCAA, an employee of a federally funded health clinic is deemed an employee of the Public Health Service. 42 U.S.C. § 233(g)(1)(A). Once a health care provider has been deemed an employee of the Public Health Service, the FTCA "shall be exclusive of any other civil action" with respect to "the actions or omissions that are the subject of such civil action or proceeding." *Id.*,

3

§ 233(g)(1)(A), (*l*)(1).  Here, Salud Dental and Dr. Hong have been deemed employees of the Public Health Service, *see* Docket No. 1-2, and the acting United States Attorney for the District of Colorado has certified that Salud Dental and Dr. Hong were each acting within the scope of their employment with respect to the actions or omissions that are the subject of Mr. Meyers's claims.  Docket No. 1-3.  As such, Mr. Meyers is subject to the requirements of the FTCA.

Given that the FTCA is Mr. Meyer's exclusive remedy, Mr. Meyers "must have filed an administrative claim and received a final determination of his claim."  *Machart*, 2010 WL 2843416, at *2 (citing 42 U.S.C. § 233(g)).  "Only *after* the administrative claim is denied or deemed denied (28 U.S.C. § 2675(a)) whichever occurs first, may the claimant file his action in federal court."  *Id.*; *McDaniel*, 2021 WL 1140259, at *2 ("However, as a condition of the waiver, the FTCA requires that she exhaust her administrative remedies before filing suit." (citing *Lopez v. United States,* 823 F.3d 970, 976 (10th Cir. 2018)).  "The purpose of the FTCA's claims-filing requirement is to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts."  *Machart*, 2010 WL 2843416, at *2 (citation and quotation omitted).  "The [claim-filing] requirements are jurisdictional and cannot be waived."  *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).  Moreover, "lack of knowledge of the exhaustion requirement does not excuse [a plaintiff's] failure to comply."  *McDaniel*, 2021 WL 1140259, at *2.

The government asserts that the Department of Health and Human Services Claims Office maintains a computerized database of administrative tort claims filed with respect to federally supported health centers that have been deemed eligible for FTCA

4

malpractice coverage.  Docket No. 10 at 5.  The government maintains that, if Mr. Meyers had filed an administrative tort claim with the department, the claims office database would include a record of that claim.  *Id.*  The government attaches to its motion a declaration by Meredith Torres, a senior attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services.  Docket No. 10-1.  In her declaration, Ms. Torres states that she "caused a search of the Claims Office's database to be conducted and found no record of an administrative tort claim filed by Steven Meyers or an authorized representative relating to Plan De Salud Del Valle, Inc., and/or Dr. Albert Hong, D.D.S."  *Id.* at 2, ¶ 4.  Mr. Meyers did not respond to the government's motion and provides no proof that he exhausted his administrative remedies before filing this action.  Because administrative exhaustion is a jurisdictional requirement for claims under the FTCA, and because the FTCA is Mr. Meyers's exclusive remedy in this case, the Court finds that Mr. Meyers has not met his burden of demonstrating that the Court has jurisdiction.  *Basso*, 495 F.2d at 909.  Accordingly, the Court will grant the motion to dismiss and will dismiss Mr. Meyers's claims without prejudice.

IV.   **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1) [Docket No. 10] is **GRANTED**.  It is further

**ORDERED** that plaintiff's first, second, and third claims are **DISMISSED without prejudice**.  It is further

**ORDERED** that the Motion for Appointment of Counsel [Docket No. 12] is **DENIED as moot**.  It is further

5

**ORDERED** that this case is closed.

DATED January 21, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge